In the Matter of ANDREW J. DELANEY, on Behalf of Himself and Others Similarly Situated, Respondent, against FREDERICK MACCURDY et al., Constituting the Retirement Board of the New York State Hospital Retirement System, Appellants.

Third Department, November 14, 1945.

6

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Wendell P. Brown, First Assistant Attorney-General, John C. Crary, Jr., Assistant Attorney-General* of counsel), for appellants.

*DeGraff and Foy*, attorneys (*John T. DeGraff* of counsel), for respondent.

HILL, P. J. Appeal by the Retirement Board of the New York State Hospital Retirement System from an order of the Albany Special Term, fixing the retirement allowance of respondent at the sum of $3,652.40 commencing November 1, 1944. The Hospital Retirement System was closed to new entrants on July 1, 1926. Employees commencing their service in that branch since that date are under the general retirement system for State employees. There are about 230 members who still belong to the Hospital Retirement System. Respondent became an employee of the New York State Hospital System on June 23, 1913, and on September 6, 1944, having served more than twenty-five years, filed his application for retirement to be effective as of November 1, 1944. He had contributed to the retirement system for State hospital employees from the beginning of his service. Under section 172 of the Mental Hygiene Law (hereafter called § 172) he was entitled to a retirement benefit " equal to one-half of the wages or compensation, including maintenance * * * as fixed by or pursuant to statute, received by him * * * for the year immediately preceding the application for retirement * * * ". Subsequent to October 1, 1943, he received a gross salary of $7,304.80, $4,000 being in cash and $3,304.80 the value of maintenance furnished by the State as fixed by the Director of the Budget under section 42 of the Civil Service Law (hereafter called § 42) and for a like period the State had required contributions to the Retirement System and payments of income tax computed thereon. Prior to October 1, 1943, when the repeal of section 61 of the Mental Hygiene Law (hereafter called § 61) became effective, his cash salary had been $4,000 and maintenance $504 annually as fixed by section 61, and contributions were made and income tax paid computed thereon.

The Attorney-General for the appellants contends that the amount of the retirement should be $2,252, being one half of the cash salary and maintenance prior to October 1, 1943, instead of one half of the $7,304.80, upon the theory that section 61 continues to be effective, though repealed (L. 1942, ch. 133, as amd. by L. 1943, ch. 221), to fix the amount of maintenance

under section 172 as, he argues, it had been incorporated therein by reference.

The statement "maintenance  *  *  *  as fixed by or pursuant to statute" contained in section 172 unquestionably, at the time of its enactment, referred to section 61. The Legislature in the same session when the last-mentioned section was repealed, amended the Civil Service Law (§ 42) to provide: "Any contribution by the state of food, lodging or maintenance, or any commutation in lieu of maintenance, except traveling expenses and field allowances, shall be considered as part of the salary established by section forty of this chapter. The fair value of such food, lodging, maintenance or commutation shall be determined by the director of the budget and may in his discretion be deducted from the salary established by said section."

Section 40 of the Civil Service Law was passed (L. 1937, ch. 859) to standardize salaries in the public service, and section 42, from which a quotation is earlier taken, was one of several amendments thereto (L. 1942, ch. 381). It seems clear that the entire subject of salary and maintenance here involved was transferred to the Civil Service Law by the general standardization provisions contained in what is known as the Feld-Hamilton Act (L. 1937, ch. 859) and that the Legislature repealed section 61 with the intention that the reference contained in section 172 should be to the general salary and maintenance provisions contained in the Civil Service Law.

The language of section 172 is general and in no way directly refers to section 61 of the same Act. The Civil Service Law deals with salaries and maintenance which are factors under all retirement laws. The repeal of section 61 was definite and direct and not by implication.

Under the foregoing, the constitutional question against incorporating an existing law into another act without inserting it therein (N. Y. Const., art. III, § 16) is not involved, as the legislative intent seems clear.

The order should be affirmed, with costs.

All concur.

Order affirmed, with $50 costs and disbursements.